IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-17-290-D |
| | ) |
| DANIELLE KEOGH | ) |
| a/k/a Danielle E. Truitt, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant Danielle Keogh's Motion to Sever [Doc. No. 248] filed under Fed. R. Crim. P. 14(a). The Motion seeks relief from an allegedly prejudicial joinder of defendants by severing the trial of Defendant from the trial of her codefendant, Daniel Webster Keogh, who is her husband and alleged coconspirator. The government has filed its Response [Doc. No. 249] in opposition to the Motion, and Mrs. Keogh has filed an authorized Reply [Doc. No. 252].

The Superseding Indictment [Doc. No. 228] charges Mrs. Keogh with ten offenses: Count 1, conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349; Counts 6-11, false statements for the purpose of influencing the actions of First Pryority Bank and USDA's Rural Development Administration in violation of 18 U.S.C. § 1014; Count 12, conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349; and Counts 14-15, wire fraud in violation of 18 U.S.C. § 1343. Mr. Keogh is charged with 21 offenses, including the conspiracies in Counts 1 and 12 and some of the same false-

statement and wire fraud offenses. The impetus of the Motion is the Court's ruling that certain documents executed by Mr. Keogh in connection with an earlier, dismissed case may be admitted into evidence at trial. *See* 5/6/21 Order [Doc. No. 241]. The documents contain inculpatory statements made by Mr. Keogh regarding a charge against him in Count 5 (which is not asserted against Mrs. Keogh) of making a false statement to the USDA in violation of 18 U.S.C. § 1001(a)(2).

Rule 8(b) authorizes the joinder of defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *See* Fed. R. Crim. P. 8(b). Here, the Superseding Indictment charges Defendants with participating in the same fraud conspiracies and some of the same transactions. "When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *see United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013). Also, Mrs. Keogh "must overcome the presumption that in a conspiracy trial it is preferred that persons charged together be tried together." *United States v. Jones*, 530 F.3d 1292, 1302 (10th Cir. 2008); *see Clark*, 717 F.3d at 817. "Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro*, 506 U.S. at 540; *see Jones*, 530 F.3d at 1302.

Mrs. Keogh contends a joint trial with Mr. Keogh will cause "substantial and actual prejudice" because his incriminating statements in the documents would not be admissible in a separate trial of the charges against her. *See* Mot. at 4, 5. Admitting this evidence allegedly will create "a serious risk of compromising Mrs. Keogh's constitutional right to a fair trial" because a jury will not be able to compartmentalize the evidence against the separate defendants, "particularly in light of the marital and business relationship between them." *Id*. at 5-6. Mrs. Keogh also asserts that, if Mr. Keogh elects not to testify at trial, the admission of his alleged confession "would violate Mrs. Keogh's right under the Confrontation Clause of the Sixth Amendment to confront the witnesses against her," contrary to *Bruton v. United States*, 391 U.S. 123 (1968). *Id*. at 7. Mrs. Keogh acknowledges that Mr. Keogh's statements do not directly implicate her of an offense with which she is charged, but she points out that the conduct alleged in Count 5 is similar to an alleged act in furtherance of the bank fraud conspiracy. *See* Reply Br. at 3. Mrs. Keogh argues that a cautionary or limiting instruction will be insufficient to prevent prejudice because she and her husband will be "inseparably connected" in the eyes of jurors. *See* Mot. at 7; *Reply Br*. at 4. She asks that the government be required to elect between using the documents as evidence and proceeding with a joint trial. *See* Mot. at 4; Reply Br. at 5.

Upon consideration, the Court is not persuaded by Mrs. Keogh's arguments for a severance of her trial (or the exclusion of evidence in a joint trial). First, Mrs. Keogh has not shown that a joint trial will compromise a specific trial right. The only specific right identified in her Motion is a Confrontation Clause right under *Bruton*. However, Mr. Keogh's alleged confession to the conduct charged in Count 5 does not raise a *Bruton*

issue because his statements do not "expressly implicat[e]" or "facially incriminate[e]" Mrs. Keogh. *See Bruton*, 391 U.S. at 124 n.1; *Richardson v. Marsh*, 481 U.S. 200, 207 (1987). A confession that incriminates a codefendant only when linked with other trial evidence does not implicate *Bruton*. *See Richardson*, 481 U.S. at 208; *Spears v. Mullin*, 343 F.3d 1215, 1230-31 (10th Cir. 2003).

Further, Mrs. Keogh has not shown that she will be unfairly prejudiced by a joint trial with Mr. Keogh. To warrant a severance, a defendant "bear[s] a heavy burden of showing real prejudice to his case." *See United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014); *see also Clark*, 717 F.3d at 818 ("Prejudice for Rule 14(a) purposes means actual prejudice."). "[N]either a mere allegation that defendant would have a better chance of acquittal in a separate trial nor an argument that evidence against one defendant would have a 'spillover effect' on another defendant demonstrates prejudice." *Jones*, 530 F.3d at 1303 (internal quotation omitted); *see Clark*, 717 F.3d at 818. Despite Mrs. Keogh's concern that a jury's separate consideration of the evidence against her and Mr. Keogh will be difficult, the Court is not convinced that jurors will be unable to follow appropriate limiting and cautionary instructions or that Mrs. Keogh will be denied a fair trial if Mr. Keogh's alleged confession to a related charge is part of the government's trial evidence. This case is not truly unique; alleged coconspirators with close personal or business relationships are regularly tried together, even though certain incriminating evidence is admissible against only one of them. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 781 (D.C. Cir. 2019), *cert. denied*, 141 S. Ct. 150 and 141 S. Ct. 457 (2020) ("it is not exactly uncommon for a husband and wife to be tried together when they are charged

4

with committing the same or similar crimes"). In this case, the Court is confident that a jury will be able to evaluate the trial evidence separately as to each defendant and each charge of the Superseding Indictment.

For these reasons, the Court finds that Mrs. Keogh has failed to allege a sufficient reason why a severance of her trial is required or should be granted.

IT IS THEREFORE ORDERED that Defendant Danielle Keogh's Motion to Sever [Doc. No. 248] is DENIED.

IT IS SO ORDERED this 13th day of August, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge